## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6917 | **DATE** | 2/1/2013 |
| **CASE TITLE** | Peggy Richmond vs. United States of America, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to file a second amended complaint [17] is granted, and the Court will consider the proposed amended complaint filed by Plaintiff on January 29, 2013. Since it is clear that Plaintiff's second amended complaint fails to state a claim, a responsive pleading will not be necessary. Therefore, based on the below, the instant action is dismissed. The motion for appointment of counsel [17] is denied as moot. Civil case terminated.

■[ For further details see text below.]                                                                 Docketing to mail notices.

### STATEMENT

     This matter is before the court on Plaintiff Peggy Richmond's (Richmond) motion for reconsideration, motion for leave to file a second amended complaint, and motion for appointment of counsel. In the original complaint filed in this case, two Plaintiffs were listed in the caption. On September 11, 2012, the court gave Plaintiffs until September 20, 2012, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form. Plaintiffs were warned that if they failed to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by September 20, 2012, this case would be dismissed. On September 18, 2012, Plaintiffs filed new *in forma pauperis* application forms, but once again, they were not properly completed. Since Plaintiffs failed to pay the filing fee or file an accurately and properly completed *in forma pauperis* application form by September 20, 2012, the court dismissed the instant action on October 2, 2012. Richmond subsequently filed a motion for reconsideration, which the court denied on January 24, 2013. On January 29, 2013, Richmond filed the instant motions.

     Richmond continues to argue that the court erred in dismissing the instant action, but Richmond has still failed to show that the court erred in dismissing the instant action. However, the docket reflects that on

**STATEMENT**

January 29, 2013, Richmond paid the filing fee in this case. Therefore, the court will grant the motion for leave to file a second amended complaint, and will consider the proposed amended complaint filed by Richmond on January 29, 2013. Pursuant to 28 U.S.C. § 1915(e) (Section 1915(e)), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." *Id.* Richmond filed the second amended complaint *pro se*, and thus the court construes the complaint liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers").

Plaintiffs filed the original complaint on August 28, 2012. Plaintiffs then filed an amended complaint on September 6, 2012. On January 29, 2013, Richmond filed the second amended complaint listing only herself as a Plaintiff. In the second amended complaint, Richmond is suing the United States of America and the Federal Bureau of Investigation (FBI). Richmond contends that the FBI "failed to protect [her] civil rights," and "failed to investigate federal and state revenue violations. . . ." (A. Compl. 4). Richmond also contends that there was a "conspiracy against rights to exercise civil rights," and that there was a "failure to follow Administrative Procedure Act." (A. Compl. 4). Richmond allegedly apparently contacted the FBI, and "[t]he [FBI] Agent insist[ed] there is nothing they are authorized to make a report or complaint. . . ." (A. Compl.4). Richmond contends that "every Agency is required to follow" the "Administrative Code." (Compl. 4).

When viewing Richmond's second amended complaint against the United States and the FBI along with the prior complaints, it is apparent that the alleged constitutional violations in this case relate to a dissatisfaction with the decisions made by the Internal Revenue Service (IRS) and the United States Tax Court (Tax Court) relating to taxes owed by Richmond. In the original complaint filed in this action, Plaintiffs asserted, among other things, that the IRS improperly calculated her and her spouse's taxes relating to their pension and Social Security benefits. (Compl. 4). Attached as an exhibit to the amended complaint is an order from the Tax Court showing that Richmond had argued before the Tax Court that the IRS "improperly considered Ms. Richmond's pension benefits when calculating how much of Mr. Richmond's

**STATEMENT**

Social Security benefits should be taxed." (A. Compl. 15). The exhibit reflects that the Tax Court ruled in favor of the IRS and denied Richmond's subsequent motion to vacate the ruling. (A. Compl. 15-16). In the amended complaint in the instant action, Richmond continues to argue that the IRS erred in calculating the taxes she owed relating to pension and Social Security benefits. (A. Compl. 10-11). Richmond contends in the amended complaint that such actions "violated Administrative Procedures." (A. Compl. 10). Thus, it is clear that the reference in the current second amended complaint to the "failure to follow Administrative Procedure Act," and Richmond's contact with the FBI to address such a failure, that Richmond was seeking to challenge the decision by the IRS and by the Tax Court. The instant action is not the proper forum in which to appeal the ruling of the Tax Court. To the extent that Richmond has presented a conclusory statement as to a "conspiracy" against her, Richmond has failed to provide detailed facts to plausibly suggest such a claim. Even when liberally construing the allegations in the second amended complaint, Richmond has failed to plausibly suggest a federal claim. Since it is clear that Richmond's second amended complaint fails to state a claim, a responsive pleading will not be necessary. Therefore, based on the above, the instant action is dismissed. The motion for appointment of counsel is denied as moot.